UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 14-0023 |
| DARIN FIELDS | SECTION A(5) |

### ORDER AND REASONS

Before the Court is a **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 461)** filed by Darin Fields. Fields pled guilty to conspiracy to possess with intent to distribute cocaine hydrochloride and cocaine base. Fields was convicted as a career offender to a 151-month within-guidelines sentence. Fields appealed the sentence, arguing that this Court abused its discretion by denying his pre-sentence motion for a downward variance. The Fifth Circuit affirmed the sentence.

Relief under 28 U.S.C. § 2255 is reserved for violations of constitutional rights and for a narrow range of injuries in federal criminal cases that could not have been raised on direct appeal and would result in a fundamental miscarriage of justice. *United States v. Petrus*, 44 F.3d 1004 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). A district court may deny a § 2255 motion without conducting any type of evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Arguellas*, 78 Fed. App'x 984, 986 (5th Cir. 2003) (quoting 28 U.S.C. § 2255; *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992)). No hearing is necessary if the issues raised have been previously decided on direct appeal, contain no constitutional violation, or lack support in the record. *United States v. McCollom*, 664 F.2d 56, 59 (5th Cir. 1981) (citing *Buckelew v. United States*, 575 F.2d 515 (5th Cir. 1978)).

First, Fields repeats the same argument he raised on appeal, challenging the inclusion of a 2003 state conviction in the calculation that triggered his career offender sentencing enhancement. The 2003

1

conviction was for possession with intent to distribute marijuana. Because this issue has been decided on direct appeal, the Court finds that no evidentiary hearing is necessary on this basis.

Next, Fields challenges the inclusion of a 2006 state conviction in the calculation that triggered his career offender sentencing enhancement. This is an issue that Fields failed to raise on appeal. Since this is a non-constitutional claim that could have been raised on direct appeal but was not, the Court finds that Fields is not entitled to relief on this basis and no hearing is required.

Lastly, Fields raises a claim for ineffective assistance of counsel. A petitioner seeking relief must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1993); *see also Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, it may dispose of the ineffective assistance claim without addressing the other prong. *Strickland*, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." *Little v. Johnson*, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. *See Strickland*, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" *Lockhart v. Fretwell*, 506 U.S. 364, 371 (1993) (quoting *Strickland*, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir.1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

The Court agrees with the government that this argument is undeveloped and lacks support in the record. As the government notes, defense counsel's advocacy on Fields's motion for downward variance persuaded the Court to impose a sentence on the lowest end of the guidelines, despite the Court's initial inclination to sentence Fields to a sentence on the highest end of the guidelines. In light of this, Fields has failed to overcome the strong presumption that his counsel's conduct was reasonable. Because Fields has not met the deficiency prong of the Strickland test, the Court will not address the second prong. The Court finds that Fields is not entitled to relief on his ineffective assistance of counsel claim and no hearing is required.

Accordingly;

**IT IS ORDERED** that **Motion to Vacate under 28 U.S.C. § 2255 (Rec. Doc. 461)** is **DENIED**.

New Orleans, Louisiana, this 18th day of May, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE